UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PERRY GRIGGS,

    Plaintiff,

-v-

BUFFALO NEWS, et al.,

    Defendants.

---

-PS-O-



**DECISION AND ORDER**
11-CV-0498F

On March 9, 2012, the Court (Hon. Michael A. Telesca) entered an Order which, *inter alia*, reopened this action because it had been closed inadvertently and dismissed the action on the basis that the Court lacked subject matter jurisdiction over plaintiff's claims which alleged defamation (libel) against the Buffalo News, and its owner, president, publisher and certain editors. The Court found both that plaintiff had failed to allege that he and all defendants are "citizens" of different states, and that a claim of defamation was not actionable under 42 U.S.C. § 1983. (Docket No. 6, Decision and Order, at 4-6.) Judgment was entered on March 9, 2012. (Docket No. 7.)

On August 1, 2012, plaintiff "filed"[1] motions to reopen the time to file a notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(6) (Docket No. 8) and for an extension of time to file a notice of appeal (Docket No. 9), on the grounds that he did not receive the Court's "decision" until August 1, 2012, after he inquired into the status of this action with the Court. (Docket No. 8.)[2] Plaintiff also filed a notice of appeal on this same date. (Docket No. 10.)

Pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure, a district court may reopen the time to file a notice of appeal for a period of 14 days if: (1) the moving party was entitled to a notice of the judgment under Fed. R. Civ. P. 77(d), but did not receive notice within 21 days after judgment was entered; (2) the motion is filed within 180 days after entry of judgment or within 14 days after the moving party

---

[1] A *pro se* prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing, see *Houston v. Lack*, 487 U.S. 266, 271, 108 S. Ct. 2379, 2382, 101 L. Ed.2d 245 (1988); see also *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994). "Although it is not clear when the plaintiff gave his complaint to prison officials, '[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.'" *Johnson v. Coombe*, 156 F.Supp.2d 273 (S.D.N.Y.2001) (quoting *Torres v. Irvin*, 33 F.Supp.2d 257, 270 (S.D.N.Y.1998) (citing cases)). Plaintiff's motions herein are both dated August 1, 2012.

[2] The Notice of Electronic Filing ("NEF") for both the Decision and Order (Docket No. 6) and Judgment (Docket No. 7) note that a copy of the Court's Order and Judgment were mailed to plaintiff at the Elmira Correctional Facility, which was the last known address for plaintiff the Court had on file at the time. The motions for an extension of time note that plaintiff's address was the Southport Correctional Facility. There is no information on the docket report whether plaintiff advised the Court of his change of address from Elmira to Southport, which a pro se litigant is required to do at the time of any change of address. Loc.R.Civ.P. 5.2(d). The Clerk of the Court's usual practice is to place a remark on the docket sheet when it is informed of a change of address. There is no remark on the docket sheet as to when plaintiff, a prisoner, may have been transferred to Southport from Elmira.

receives notice, whichever is earlier; and (3) no party would be prejudiced. *See also* 28 U.S.C. § 2107)(c).[3]

Plaintiff states that he did not receive notice of the Order and Judgment until August 1, 2012, when he inquired into the status of this action. This is also the date he filed the motions, both of which were filed-stamped and docketed by the Court on August 6, 2012. Both the Order and Judgment were entered on March 9, 2012. (Docket No. 6, 7.) Accordingly, because (1) plaintiff did not receive notice of the Decision and Order and Judgments within 21 days of their entry, (2) plaintiff filed his motion to reopen the time to file a notice of appeal within 180 days of entry of the Order and Judgment, (3) plaintiff filed his motion within 14 days of receipt of notice of the Order and Judgment, and (4) no party would be prejudiced,[4] the Court grants plaintiff's motion to reopen the time to file a notice of appeal and reopens the time to file a notice of appeal. Because plaintiff has filed a notice of appeal, the Clerk of the Court is directed to forward a copy of the Decision and Order to the United States Court of Appeals for the Second Circuit and plaintiff need not file another notice of appeal.

---

[3] A motion for an extension of time to file a notice of appeal, pursuant to Fed.R.Civ.P. 4(a)(5), must be filed "no later than 30 days after the time prescribed by this Rule 4(a) [30 days] expires." A Rule 4(a)(5) motion to extend must be filed within the 30-day grace period immediately following the original 30-day appeal period. *See Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118-19 (2d Cir. 1998) (*per curiam*).

[4] Because this action was dismissed prior to service of the summons and complaint on defendants, defendants have not appeared in this action. Moreover, because plaintiff alleges defamation based on a news report in the Buffalo News, the Court presumes that there are copies of said news report and that the defendants would not be prejudiced due to the passage of time.

IT IS HEREBY ORDERED that plaintiff's motion to reopen the time to file a notice of appeal pursuant to Fed.R.Civ.P. 4(6) (Docket No. 8) is granted and plaintiff's time to file a notice of appeal is reopened;

FURTHER, that plaintiff's motion for an extension of time to file a notice of appeal (Docket No. 9) is denied; and

FURTHER, the Clerk of the Court is directed to forward a copy of this Decision and Order to the United States Court of Appeals upon its entry.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Oct. 23, 2012